Abraham N. Geller, J.
This search and seizure, which is sought to be suppressed, was in execution of a warrant obtained on the basis of information received from an alleged unnamed reliable informer corroborated by observations of a detective in the Narcotics Squad, all of which was set forth in the supporting affidavit. Reliability of the informer was established on the hearing by the proof that during the period of about one year he had given information in six previous cases with convictions resulting in four named cases. In addition, there was testimony given as to the detective’s observations immediately following the giving of the information which sufficiently supported the truth of that information. While the detective could not follow the two known addicts to the apartment of defendant, he did observe that they had taken the elevator to his floor, and while he did not know the names of these two addicts, he did know them to be addicts as the result of his investigations in that neighborhood with reference to narcotics activities. It is true that in themselves these observations would have been insufficient or in combination with an unnamed and absent informer they might be deemed to be inadequate, but here, in combination with the testimony elicited from the informer, who did appear and testify, together with the reasonable deductions to be drawn therefrom, there has been a valid showing made of probable cause to support the search and seizure.
Defendant’s request for the appearance and testimony of the informer was complied with by the District Attorney, who got in touch with the informer and arranged for his appearance. The informer took the stand at the request of defendant and was examined by his counsel. The informer testified guardedly that he was asked by certain detectives in the Narcotics Squad as to whether he knew certain individuals and he merely answered that he did or did not know them and that among those that he said he knew was this defendant. He also testified that *661 he gave the detectives defendant’s telephone number but did not know his address.
Taking into consideration the manner in which the informer testified, his demeanor on the stand, and the implications and probabilities arising from his relationship to the Narcotics Squad as the result of the pendency of a narcotics felony indictment against him concluding with an accepted plea of guilty to a misdemeanor with a suspended six months’ sentence despite the informer’s two prior serious narcotics convictions and rather severe sentences, it is concluded that his information to the detectives was not limited as he testified but must have been, as the detectives testified, that defendant was selling cocaine out of apartment 11A of the given address and that he, the informer, had seen a quantity of cocaine there. The limited testimony given for trial purposes by the informer must be realistically appraised in the light of all the surrounding circumstances and, since the basic facts of the information connected with defendant were testified to by him, the only sensible and practical deduction to be drawn is that he necessarily would have been questioned further by the detectives and gave the information as to his knowledge of defendant’s narcotics activities, which was, of course, the information sought by the detectives.
Probable cause and support of the averments in the papers submitted to obtain the warrant having been established, the motion to suppress is denied.